A. M. Fulton v. The State.

No. 7901.   Decided January 23, 1924.

Selling Intoxicating Liquor.—Circumstantial Evidence—Charge of Court.

Where, upon trial of unlawfully selling intoxicating liquor, the State relied upon circumstantial evidence to identify the defendant the court should have charged the jury on the law of circumstantial evidence as requested and the failure to do so is reversible error.

Appeal from the District Court of Lubbock.   Tried below before the Honorable W. R. Spencer.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. W. Puckett* and *Vickers & Campbell,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Jons testified that he purchased a pint of whisky from a man whom he did not know. He was unable to describe the man or his apparel, save that he was taller than the appellant. The transaction took place on the street at night. Before the purchase, Jons had a conversation with one Ater while on the street. Ater went down the street and returned, after which the purchaser went to a point on the street near a barber shop and met a man, who, in reply to Jons' inquiry indicated that he would obtain some whisky. They walked together to a point on the street near a garage where Jons received the whisky and paid for it. Witness testified that he saw Ater and Jons together on the street, also that Ater and the appellant were together and that Jons walked to the barber shop.

The court was requested to instruct the jury on the law of circumstantial evidence, and we think error was committed because of his failure to do so. The State's evidence is direct that somebody sold Jons some whisky, but to identify the appellant, the State relied upon circumstances alone. The inference may have been deducible from the evidence that the sale was made by the appellant, but the nature of the evidence is such that it did not warrant the court in refusing to instruct the jury upon the law of circumstantial evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*